IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHARLES NEWMAN, | NO. C 04-05480 JW |
| Petitioner(s), | **ORDER GRANTING MOTIONS TO PROCEED IN FORMA PAUPERIS; ORDER TO SHOW CAUSE** |
| v. | |
| CHIEF DEPUTY WARDEN RICHARD KIRKLAND, | docket no. 2, 4 |
| Respondent(s). | |

## INTRODUCTION

Petitioner, a prisoner of the State of California, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has also filed motions to proceed in forma pauperis. The Court grants the motions to proceed in forma pauperis, and orders Respondent to show cause why a writ of habeas corpus should not be issued.

## BACKGROUND

According to the allegations in the petition, while Petitioner was incarcerated in Pelican Bay State Prison, he was found guilty of a rules violation, namely, willfully resisting, delaying or obstructing any peace officer in the performance of duty. Title 15, Cal. Code of Regs., section 3323. Petitioner was assessed ninety days credit forfeiture. Petitioner filed an appeal through the prison administrative appeal process, and exhausted his administrative remedies. Petitioner alleges that he

N:\JW Cases\04\04-5480jw.osc.wpd
Order Granting Motions to Proceed In Forma Pauperis; Order to Show Cause

filed a state habeas petition, which was denied by the state supreme court on December 15, 2004. He filed the instant federal habeas corpus petition on December 28, 2004.

## STANDARD OF REVIEW

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Federal courts have a duty to construe pro se petitions for a writ of habeas corpus liberally. Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001).

As grounds for federal habeas relief, Petitioner asserts that: (1) he was denied the right to call witnesses during the disciplinary hearing; (2) he was denied the right to have an investigating employee appointed; (3) he was denied the right to present evidence in his defense; (4) a senior hearing officer failed to review an employee false documentation report; (5) the rules violation finding was not supported by sufficient evidence, and therefore the credit forfeiture was unjustified; and (6) the decision to retain Petitioner in a level four institution was without just cause. Base upon the legal principles set forth in Wolff v. McDonnell, 418 U.S. 539 (1974), Petitioner's allegations are sufficient to require a response.

## CONCLUSION

1.   The motions to proceed in forma pauperis (docket nos. 2 & 4) are GRANTED.

2.   The Clerk of the Court shall serve by certified mail a copy of this Order and the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this Order on the Petitioner at his most current address.

3.   Respondent shall file with this Court and serve upon Petitioner, no later than **sixty**

1   **(60) days** of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules
2   Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.
3   Respondent shall file with the Answer a copy of all portions of the State trial record that have been
4   transcribed previously and that are relevant to a determination of the issues presented by the petition.
5         If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the
6   Court and serving it on Respondent no later than **forty-five (45) days** of his receipt of the Answer.
7   Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision **forty-**
8   **five (45) days** after the date Petitioner is served with Respondent's Answer.
9         4.   Respondent may file a motion to dismiss on procedural grounds in lieu of an Answer,
10  as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.
11  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an
12  opposition or statement of non-opposition to the motion no later than **forty-five (45) days** of receipt
13  of the motion, and Respondent shall file with the court and serve on Petitioner a reply no later than
14  **fifteen (15) days** of receipt of any opposition.
15        5.   It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the court
16  informed of any change of address by filing a separate paper with the Clerk of the Court headed
17  "NOTICE OF CHANGE OF ADDRESS," and comply with any orders of the Court within the time
18  allowed or ask for an extension of that time.  Failure to do so may result in the dismissal of this
19  action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  See Martinez v.
20  Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).
21        6.   Petitioner is reminded that all communications with the Court, whether by way of
22  formal legal motions or informal letters, must be served on Respondent by mailing a true copy of the
23  document to Respondent's counsel.
24        7.   Extensions of time are not favored, though reasonable extensions will be granted.
25  However, the party making a motion for an extension of time is not relieved from his or her duty to
26  comply with the deadlines set by the Court merely by having made a motion for an extension of
27
28  N:\JW Cases\04\04-5480jw.osc.wpd
    Order Granting Motions to Proceed In Forma Pauperis; Order to Show Cause   3

**United States District Court**
For the Northern District of California

time.  The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is issued.  Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

Dated: August 11, 2006

JAMES WARE
United States District Judge

N:\JW Cases\04\04-5480jw.osc.wpd
Order Granting Motions to Proceed In Forma Pauperis; Order to Show Cause    4

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Charles Newman
H-53227
Facility A-2 #209L
5905 Lake Earl Drive
Crescent City, CA 95532

Dated: August 14, 2006                    Richard W. Wieking, Clerk

By: _____
    Albert "J" Younger
    Courtroom Deputy

N:\JW Cases\04\04-5480jw.osc.wpd
Order Granting Motions to Proceed In Forma Pauperis; Order to Show Cause